IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRED SKELTON,<br><br>            Plaintiff,<br><br>    v.<br><br>BRANDSAFWAY, LLC f/k/a SAFWAY SERVICES, LLC,<br><br>            Defendant. | Case No. 3:22-cv-02958-DWD<br>Judge: Honorable David W. Dugan |

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

NOW COMES BrandSafway, LLC ("Defendant" or "BrandSafway"), by and through its attorneys, Seyfarth Shaw LLP, and for its Answer to Plaintiff's, Fred Skelton ("Plaintiff" or "Skelton"), First Amended Petition, states as follows:

### RETALIATORY DISCHARGE

1. That at all times relevant, defendant, Brandsafway Services, LLC, is a foreign corporation with its principal place of business in Waukesha, Wisconsin.

**ANSWER:**
Defendant denies the allegation set forth in Paragraph 1 of the Complaint. Further answering, Defendant is a Delaware limited liability company with its principal place of business located in Kennesaw, Georgia.

2. Plaintiff, Fred Skelton, was hired in October of 2017 by Safway Services, LLC, at the Wood River Refinery located in the City of Roxana, County of Madison, State of Illinois.

**ANSWER:**
Defendant denies the allegation as set forth in Paragraph 2 of the Complaint and affirmatively states that Plaintiff was initially hired by its subsidiary, BrandSafway Industries, LLC, on or about October 4, 2017 to work at the Wood River Refinery located in the City of

Roxanna, County of Madison, Illinois. Defendant denies any remaining allegations in Paragraph 2.

3. That on or about May 1, 2019, plaintiff, Fred Skelton, was employed by defendant, Brandsafway Services, LLC, when he sustained injuries while performing his job duties.

**ANSWER:**
Defendant admits that Plaintiff claims to have sustained a workplace injury on or about May 1, 2019, while working for Brandsafway Industries, LLC. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Plaintiff notified his employer of a work-related injury and exercised his rights under the Illinois Workers' Compensation Act for his injuries. Plaintiff was told to take a voluntary lay off.

**ANSWER:**
Defendant denies the allegations in Paragraph 4 of the Complaint.

5. After treatment was complete and plaintiff was released on or about August 21, 2021, to return to work, he was directed to complete the back ground check, drug test and recertification.

**ANSWER:**
Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's treatment and alleged release to return to work. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. After completion of the requirements, on or about December 21, 2021, plaintiff was never called to return to work and therefore believed to be discharged from his employment with defendant, Brandsafway Services, LLC.

**ANSWER:**
Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of what Plaintiff believed. Defendant denies the remaining allegations as set forth in Paragraph 6 of the Complaint.

7. That defendant provided no legitimate basis for discharging plaintiff from his employment.

**ANSWER:**
Defendant denies the allegations as set forth in Paragraph 7 of the Complaint.

8. That plaintiff's discharge was in retaliation for filing a Workers' Compensation Act claim.

**ANSWER:**
Defendant denies the allegations as set forth in Paragraph 8 of the Complaint.

9. That defendant's discharge of plaintiff is in violation of the Illinois Workers' Compensation Act, 820 IL.CS 305-4(H).

**ANSWER:**
Defendant denies the allegations as set forth in Paragraph 9 of the Complaint.

10. That as a direct and proximate result of said retaliatory discharge, plaintiff has been damaged in the following ways:
    (a) Loss of wages, benefits, raises and promotions;
    (b) Costs associated with securing subsequent employment; and
    (c) Humiliation and mental anguish.

**ANSWER:**
Defendant denies the allegations as set forth in Paragraph 10 of the Complaint and denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. Skelton's claims are barred, in whole or in part, due to the fact that he fails to allege facts sufficient to state a claim upon which relief can be granted.

2. Skelton's claims are barred, in whole or in part, because the decisions made in regard to his employment were for legitimate, non-retaliatory, and non-pretextual reasons.

3. Subject to further proof, Skelton's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and/or after-acquired evidence.

4.  To the extent Skelton alleges that any employee of Defendant acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of BrandSafway.  Thus, Defendant is not liable for any such conduct, if it occurred.

BrandSafway reserves the right to amend its Answer and to assert any additional defenses or affirmative defenses that may become available or apparent at any future date.

**DATED: April 4, 2023**                                                 Respectfully submitted,


                                                                        By: */s/ Julia M. Keenan*
                                                                              Julia M. Keenan

Kyle Petersen, Bar No. 6275689
Julia M. Keenan, Bar No. 6336156
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000
kpetersen@seyfarth.com
jkeenan@seyfarth.com

93295218v.2

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 4, 2023, the foregoing document was served via ECF notification to:

Keith Short
Keith Short and Associates, P.C.
325 Market Street
Alton, IL 62002
keith@siltrial.com
Attorney for Plaintiff


/s/Julia M. Keenan
Attorney for Defendant

93295218v.2